ments in his office. Neither he nor Rogers made any examination to find out what the trouble was; that was the lineman's business, not theirs; neither of them notified the lineman or the authorities that the instrument was out of order; the lineman, if notified, could not have reached there until the next day at 10:20 o'clock. Rogers did not know what the trouble was nor where to look for it. At 8 o'clock that day the wire was still down; at 9:15 o'clock Joiner found that it had come up, and immediately sent the message to Perry. It was sent out by Smith with the message to Mrs. Davis, and was delivered to Bunn, the sendee, at 10.45 o'clock, July 26th. The other facts in evidence are shown by the foregoing statement of the *Davis* case.

GUSTIN, GUERRY & HALL, for plaintiff in error.

W. C. DAVIS, J. P. DUNCAN and HARDEMAN, DAVIS & TURNER, *contra*.

---

WALKER *v.* THE WESTERN UNION TELEGRAPH COMPANY.

LUMPKIN, J.—This case is controlled by *Mathis* v. *Western Union Telegraph Co.*, 94 *Ga.* 338.                    *Judgment reversed.*
SIMMONS, J., adhering to his dissent in the former case.
    October 22, 1894.

Action for penalty. Before Judge SWEAT. Ware superior court. April term, 1894.

W. M. TOOMER, for plaintiff.
CROVATT & WHITFIELD, for defendant.

---

THE WESTERN UNION TELEGRAPH COMPANY *v.* RAWLINGS.

SIMMONS, C. J.—This case is controlled by that of *Western Union Telegraph Company* v. *Howell*, decided this day. *Ante*, 194.
    December 21, 1894.                    *Judgment affirmed.*